THE PEOPLE *ex. rel.* SAMUEL R. BRADLEY *v.* THE JUDGES OF THE CIRCUIT COURT FOR THE COUNTY OF BRANCH.

The writ of *mandamus* is issued only in cases where there is a clear legal right, and the party has no other remedy.

Where the defendant, in a suit commenced in the Circuit Court by writ of attachment under the statute, (R. S. 506,) moved that Court to quash the writ, &c. because the affidavit upon which it was founded was not made before an officer authorized to take affidavits, and the Court thereupon permitted the plaintiff to file a new affidavit in the place of the one originally filed, and then refused to grant the defendant's motion, this Court refused to grant a *mandamus* to compel the Circuit Court to quash the attachment, &c. but held that the proper remedy in such a case was by *certiorari.*

The proceedings by attachment, being under a special statute, and out of the course of the common law, the original affidavit, and the new one permitted to be filed, with the adjudication of the Court directing it, would, in such a case, go upon the record, and be removed to this Court by writ of *certiorari.*

MOTION for a mandamus. On the 5th day of October, 1838, an affidavit for an attachment, under the statute, (R. S. 506,) was made before the Clerk of the Circuit Court for the county of Branch, and an attachment issued, at the suit of Abiathar Culver, against Samuel R. Bradley, the relator, by virtue of which certain real estate of the relator was levied upon. The case proceeded to judgment March 18, 1840, when an order for the sale of the property attached was made, by virtue of which it was sold to Culver on the 13th day of July, 1840. Upon an affidavit of these facts, on the 16th day of June, 1842, an order was made for a stay of proceedings, and prohibiting the Sheriff from executing a deed; which order was served upon Culver, together with a notice of a motion to quash the attachment, and to set aside the proceedings had thereon. This motion having been submitted, leave was granted by the Court to file a new affidavit in place of that originally filed as the foundation of the writ, and

People *v.* Judges of the Branch Circuit Court.

also for the sheriff to amend his return, and upon such affidavit being filed, and the return amended, the motion to quash was denied.   Whereupon the relator now moved this Court for a *mandamus*, commanding the Circuit Court for the county of Branch, to quash the attachment, and to set aside all of the proceedings in the cause.

*J. S. Chipman*, in support of the motion.

*Fuller*, contra.

GOODWIN, J. delivered the opinion of the Court.

The grounds of the application are, that the original affidavit was a nullity, the clerk not having at the time any authority to take it; and that it was not competent for the Circuit Court to permit the new one to be filed, so as to save the proceedings.

If the grounds alledged are tenable, is the writ of *mandamus* the proper remedy?

It is a writ not resorted to, or issued, where the party has another remedy, but only in cases where there is a clear right, and no other remedy.   Then it is, that this extraordinary writ is resorted to, for the advancement of justice.

Is there no other remedy for the supposed errors in this case?   It seems to me that there is;—that the original affidavit, as well as the new one permitted to be filed, with the adjudication of the court directing it, would go upon the record,—the proceedings by attachment being special statutory proceedings, not according to the course of the common law,—and that the writ of *certiorari* would remove them to this court.   True, it would not bring here the various affidavits, on which the motion was made and resisted, aside from those above mentioned, which would go upon the record.   But they are immaterial, as the question is one going to the authority of the court in the

premises; and all material to this would necessarily appear. As the proceeding is a special statutory proceeding, and the affidavit in the first instance is the foundation of it, this, of course, must appear in the record; and as the new affidavit was permitted to be filed under the statute, to sustain the proceedings, on the ground that the original, which preceded the writ, was defective, this must also, therefore, go upon the record, with the adjudication of the court so directing. These are not mere matters of practice in the Court below, but proceedings based on the special provisions of the statutes, under which these proceedings were had; and the writ of *certiorari* is the appropriate writ, whereby they would be removed to this Court.

We are therefore of opinion that, the applicant having another remedy, in the usual course of proceeding, this motion should be denied.

*Motion denied.*